UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anita McEntarffer, on behalf of the Estate of Mark Alles,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>The Northern Trust Company, Fidelity Investments and Fidelity Workplace Services, LLC<br><br>Defendants/Respondents. | Case No. 1:25-cv-05486 |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1441 and 1446, The Northern Trust Company ("Northern Trust") hereby removes the civil action pending in the Circuit Court of Cook County, Probate Division, Illinois, Case No. 2023-P-007467, to the United States District Court for the Northern District of Illinois. In support of removal, Northern Trust states as follows:

1. This action (hereinafter "the Citation Action") arises out of probate proceedings brought by Anita McEntarffer ("Plaintiff"), as the independent administrator of the Estate of Mark Alles ("Mr. Alles"), in the Circuit Court of the Cook County, Illinois in a matter captioned *In Re The Estate of Mark Alles*, Case No. 2023-P-007467 (Ill. Cir. Ct., Cook County, County Department, Probate Division).

2. Prior to his death, Mr. Alles was a participant in Northern Trust's Thrift-Incentive Plan ("the TIP"). The TIP is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Specifically, the TIP is an eligible individual account plan under Sections 3(34) and 407(d)(3)(A) of ERISA. *See* 29 U.S.C. §§ 1002(2)(A), 1002(34), 1107(d)(3)(A).

3. On March 12, 2025, Plaintiff served on Northern Trust a Petition to Recover Assets ("the Initial Petition") seeking to recover the balance in Mr. Alles' TIP account. (A copy of the Initial Petition is attached hereto as **Exhibit A**). The Initial Petition did not state any cause of action, did not state any legal claim based on Plaintiff's interpretation of the TIP, and did not expressly name Northern Trust as a respondent. *See id.*

4. On March 27, 2025, counsel for Plaintiff and counsel for Northern Trust appeared at a hearing on the Initial Petition. The Court advised Plaintiff that the Initial Petition must be amended to state a cause of action. *See* **Exhibit B**. The Court provided Plaintiff until April 24, 2025 to amend the pleading.

5. On April 18, 2025, Plaintiff filed the Amended Petition alleging four state common law claims related to the recovery of the assets in the TIP (mistake, breach of fiduciary duties, tortious interference with inheritance expectancy, and negligence). *See* **Exhibit C.**

6. The Amended Petition is the first time that Plaintiff (a) stated a cause of action with respect to the TIP, (b) asserted a cause of action against Northern Trust, or (c) asserted that Northern Trust failed to administer the plan in accordance with the terms of the plan. *See id.*

7. The Amended Petition thus forms the basis for this removal. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

**GROUNDS FOR REMOVAL**

**I.     The Citation Action is Removable Based on Federal Question Jurisdiction**

8. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal court has "original jurisdiction" when the plaintiff's claim arises under federal law. *See id.* § 1331.

9. Plaintiff's state law causes of action seeking assets under the TIP present a federal question because they are preempted by ERISA and, therefore, removable. *See Mitchell v. NFL Player Annuity Program*, 255 F. Supp. 3d 781, 790 (N.D. Ill. 2017) ("The effect of ERISA preemption here is that plaintiff's citation action must be viewed as a claim by a potential beneficiary to recover benefits only as authorized by 29 U.S.C. § 1132(a). In other words, plaintiff's only remedy arises under ERISA, not the state-law citations to discover assets.")

10. Mr. Alles was a participant in the TIP, which is an ERISA-covered plan. *See* 29 U.S.C. § 1002(2)(A) (defining pension benefit plans). The TIP is an eligible individual account plan ("EIAP") under Sections 3(34) and 407(d)(3)(A) of ERISA. *See id.* §§ 1002(2)(A), 1002(34), 1107(d)(3)(A).

11. The Citation Action seeks to determine the proper beneficiary of Mr. Alles' assets in the TIP. Plaintiff's Amended Petition attempts "to invoke state law doctrines to [Plaintiff's] advantage in determining the[] status [of] beneficiaries under ERISA-regulated employee benefits plans." *See Melton v. Melton*, 324 F.3d 941, 944-45 (7th Cir. 2003); *see also id.* ("We therefore hold that ERISA preempts Illinois state law with respect to determining the rightful beneficiary of Richard's ERISA-regulated group term life insurance policy."); *St. Joseph Hosp. v. Bromm*, No. 94 C 4746, 1995 WL 290413, at *2 (N.D. Ill. May 10, 1995) ("If the 'participants' of the plan are preempted by ERISA from filing state law claims, then the health provider who has been assigned the rights of the 'participant' should not have any greater rights.")

12. Specifically, the Amended Petition asserts common law claims of mistake, breach of fiduciary duties, tortious interference with inheritance expectancy, and negligence, each of which is premised on the allegation that Northern Trust failed to comply with the terms of the TIP and failed

to properly administer the TIP. *See, e.g.,* Amended Petition ¶ 16 ("Upon information and belief, the beneficiary designation on the TIP Account was either incorrectly designated, changed improperly, or was otherwise made inconsistent by Fidelity and/or The Northern Trust Company with the Decedent's known intentions and estate planning documents.")

13. Where, as here, a plaintiff's state law claim cannot be resolved without the interpretation of an ERISA-covered plan, "complete preemption is required." *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995).

## II. Removal is Timely

14. Generally, a defendant must remove a case within 30 days of service of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (2013) ("The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present.")

15. This Notice of Removal is timely because it is being filed within 30 days of Northern Trust's receipt of the Amended Petition on April 18, 2025. *See* 28 U.S.C. § 1446(b); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 623 (7th Cir. 2013) (holding that citations to discover assets that create an "independent controversy with some new and different party … may be removed into the federal court."); *Travelers Property Cas. v. Good,* 689 F.3d 714, 725 (7th Cir. 2012) (holding that "when garnishment proceedings present genuine disputes with new parties and raise new issues of fact and law, courts overwhelmingly treat them as independent and removable actions" and that "the

proceeding is not 'substantially a continuation of a prior suit'"); Ill. Sup. Ct. R. 277(b) (a citation action is "commenced by the service of a citation on the party against whom it is brought").

16. Prior to the receipt of the Amended Petition, Northern Trust could not ascertain a basis for removal under federal question jurisdiction because Plaintiff had previously failed to (a) state any cause of action whatsoever; (b) state a claim against Northern Trust; (c) identify Northern Trust as a respondent; or (d) state a claim based on Northern Trust's alleged mismanagement of the TIP. It is of no moment that the Initial Petition mentioned the TIP, since "ERISA does not preempt every state law claim which takes place in the mere 'context' of a benefits plan[.]" *McCurry v. Mars, Inc.*, No. 19-CV-04067, 2020 WL 6075872, at *3 (N.D. Ill. Oct. 15, 2020) (quoting *Trs. of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 779 (7th Cir. 2002).)

### III. Northern Trust Has Satisfied the Procedural Requirements for Removal.

17. The only other parties named in the Citation Action are "Fidelity Investments" and "Fidelity Workplace Services, LLC." *See* Amended Petition. Both Fidelity Investments and Fidelity Workplace Services, LLC have consented to the removal of this action. Thus, all defendants/respondents in the Citation Action have consented to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

18. Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1). This District embraces Cook County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(1); 28 U.S.C. § 1441(a).

19. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on Northern Trust have been attached as **Exhibit D**.

20. In accordance with 28 U.S.C. §1446(d), Northern Trust will promptly provide written notice to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Court

for the Circuit Court of the Cook County, Illinois.

*   *   *

For the foregoing reasons, Northern Trust hereby removes this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

**Dated:** May 16, 2025

Respectfully submitted,

THE NORTHERN TRUST COMPANY

By: _/s/ Andrew R. Cockroft_
 Amanda Sonneborn
 Andrew R. Cockroft
 KING & SPALDING LLP
 110 N. Wacker Drive
 Suite 3800
 Chicago, IL 60606
 (312) 764-6940
 asonneborn@kslaw.com
 acockroft@kslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 16, 2025, a copy of the forgoing **Notice of Removal** has been served on the following by e-mail and by U.S. mail at the addresses listed below:

Allyson B. Russo
Bradley M. Kupiec
Francesca B. Siracusano
Russo Law Offices LLC
201 East Ogden Avenue, Suite 218
Hinsdale, IL 60521
russo@russolaw.com
kupiec@russolaw.com
siracusano@russolaw.com

Daniel Kaminski
Kogut & Associates
600 West 22nd Street, Suite 302
Oak Brook, IL 60523
daniel@kogutlaw.net

I hereby certify that, on May 16, 2025, a copy of the forgoing **Notice of Removal** has been served on the following by U.S. mail at the addresses listed below:

Fidelity Brokerage Services LLC
c/o CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604-1101

Fidelity Workplace Services LLC
c/o CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604-1101

/s/ Andrew R. Cockroft
Andrew R. Cockroft

- 7 -